IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MARIA DELURDEZ HERNANDEZ, | § § | |
| *Plaintiff,* | § § § | SA-23-CV-00633-ESC |
| vs. | § § § | |
| COMMISSIONER OF SOCIAL SECURITY, | § § § § | |
| *Defendant.* | § § | |

**ORDER**

This order concerns Plaintiff Maria Delurdez Hernandez's request for review of the administrative denial of her application for disability insurance benefits ("DIB") under Title II and supplemental security income ("SSI") under Title XVI. 42 U.S.C. §§ 405(g), 1383(c)(3). Plaintiff argues the Administrative Law Judge ("ALJ") erred in failing to explain why he omitted any mental limitations from the residual functional capacity ("RFC") determination while also finding Plaintiff to have mild mental limitations at step two of his sequential analysis.

The Court held a hearing on the merits of Plaintiff's case, at which counsel for both parties appeared via videoconference. After considering Plaintiff's Opening Brief [#12], Defendant's Brief in Support of the Commissioner's Decision [#13], Plaintiff's Reply Brief [#14], the transcript ("Tr.") of the Social Security Administration ("SSA") proceedings [#8], the applicable case authority and relevant statutory and regulatory provisions, the parties' oral arguments at the Court's hearing, and the entire record in this matter, the Court concludes that the ALJ committed error in failing to explain the reasons for not including any mental limitations in Plaintiff's RFC, and this error was not harmless. The Court will therefore vacate the

Commissioner's decision finding Plaintiff not disabled and remand this case for further proceedings consistent with this opinion.

## I. Jurisdiction

This Court has jurisdiction to review a decision of the SSA pursuant to 42 U.S.C. § 405(g). The undersigned has authority to enter this order pursuant to 28 U.S.C. § 636(c) because all parties have consented to the jurisdiction of a United States magistrate judge [#11].

## II. Legal Standards

In determining if a claimant is disabled, the Commissioner of the SAA uses a sequential, five-step approach, which considers whether: (1) the claimant is currently engaged in substantial gainful activity, (2) he has a severe impairment, (3) the impairment meets the severity of an impairment enumerated in the relevant regulations, (4) it prevents the claimant from performing past relevant work, and (5) it prevents him from doing any relevant work. *Garcia v. Berryhill*, 880 F.3d 700, 704 (5th Cir. 2018). If the claimant gets past the first four stages, then the burden shifts to the Commissioner on the fifth step to prove the claimant's employability. *Id.* A finding that a claimant is not disabled at any point in the five-step review is conclusive and terminates the analysis. *Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987); *see also* 20 C.F.R. § 404.1520(a)(4).

In reviewing the denial of benefits, the Court is limited to a determination of whether the Commissioner, through the ALJ's decision,[1] applied the proper legal standards and whether the Commissioner's decision is supported by substantial evidence. *Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir. 1995); 42 U.S.C. §§ 405(g), 1383(c)(3). "Substantial evidence is more than a

---

[1] In this case, because the Appeals Council declined to review the ALJ's decision, the decision of the ALJ constitutes the final decision of the Commissioner, and the ALJ's factual findings and legal conclusions are imputed to the Commissioner. *See Higginbotham v. Barnhart*, 405 F.3d 332, 336 (5th Cir. 2005); *Harris v. Apfel*, 209 F.3d 413, 414 (5th Cir. 2000).

scintilla, less than preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Villa v. Sullivan*, 895 F.2d 1019, 1021–22 (5th Cir. 1990) (quoting *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir. 1983)). The Court may not reweigh the evidence or substitute its judgment for that of the Commissioner. *Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000). Conflicts in the evidence and credibility assessments are for the Commissioner, not the Court, to resolve. *Id.* While substantial deference is afforded the Commissioner's factual findings, the Commissioner's legal conclusions, and claims of procedural error, are reviewed *de novo*. *See Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994).

### III. Factual and Procedural Background

Plaintiff Maria Delurdez Hernandez is an individual with a high school education and almost two decades of work as a financial access specialist at a hospital. (Tr. 285–86.) Hernandez filed for DIB and SSI in February and April 2021, respectively, alleging disability beginning on February 9, 2021.[2] (Tr. 241–63.) At the time she filed her applications, Hernandez was 57 years old. (Tr. 285.) The conditions upon which Hernandez based her disability applications are depression, anxiety, diabetes, severe sleep apnea, narcolepsy, edema in her left leg, high cholesterol, and neuropathy. (Tr. 284.) As this case challenges the ALJ's evaluation of Hernandez's mental limitations, the Court focuses its summary of the factual and procedural background of the case to these issues and not the alleged physical limitations.

The Commissioner denied Hernandez's applications for benefits on June 7, 2021, and again upon reconsideration on November 22, 2021. (Tr. 90–139.) At the initial level as to both

---

[2] Hernandez filed two prior claims for benefits in 2018, when she allegedly retired from her position due to her disability. (Tr. 79.) Both of the prior applications were denied in 2020 and 2021. (Tr. 50.) The alleged disability onset date was amended at the ALJ's hearing in light of the prior denials to February 12, 2021. (Tr. 74.)

the DIB and SSI applications, the State Agency Psychological Consultants ("SAPCs") found Hernandez to have mild mental limitations in all four areas of the psychiatric review technique ("PRT")[3] but moderate limitations in the ability to understand and remember detailed information and the ability to carry out detailed instructions. (Tr. 97–98, 101, 112–13, 116.) At the reconsideration level, the SAPCs found Hernandez to have mild limitations in two of the four PRT areas—the ability to interact with others and to concentrate, persist, or maintain place. (Tr. 125, 133.) The SAPCs on reconsideration found Hernandez to have no limitations in the areas of understanding, remembering, or applying information or in adapting or managing oneself and did not include any mental limitations in the overall RFC. (*Id.*)

Hernandez requested a hearing before an ALJ, which was held before ALJ Charles Brower on August 25, 2022, at which Hernandez and a vocational expert provided testimony. (Tr. 68–89.) The ALJ issued an unfavorable decision on October 11, 2022. (Tr. 48–56.) In his written opinion, the ALJ found that Hernandez met the insured-status requirements of the SSA and applied the general five-step sequential analysis required by SSA regulations. At step one of the analysis, the ALJ found that Hernandez did not engage in substantial gainful activity from February 12, 2021, the amended alleged disability onset date, through her date of last insured. (Tr. 50–51.) At step two, the ALJ found Hernandez to have the severe impairments of obesity and diabetes with neuropathy. (Tr. 51.) The ALJ noted that Hernandez testified to depression and anxiety but found these conditions to be non-severe. (*Id.*) The ALJ applied the Paragraph B criteria in evaluating Hernandez's mental impairments and engaged in a discussion of the

---

[3] The PRT is the method used for evaluating mental impairments at all levels of the administrative review process. The four functional criteria considered as part of the PRT (referred to as the Paragraph B criteria) are: (1) understand, remember, or apply information; (2) interact with others; (3) concentrate, persist, or maintain pace; and (4) adapt or manage oneself. 20 C.F.R. § 404.1520a(c)(3).

mental-health evidence in the record. (Tr. 51–52.) In discussing the four functional areas of the PRT, the ALJ summarized the evidence pertaining to Hernandez's depression and anxiety based primarily on notes from various counseling sessions: her complaints of crying spells, anxiety, mood disturbance, and decreased concentration; her observed presentation at various appointments with a tearful affect; and yet her documented cooperative behavior, intact cognition, and normal judgment. (Tr. 52.) The ALJ found Hernandez to have mild limitations in three of the four functional areas of the PRT—interacting with others; concentrating, persisting, or maintaining pace; and adapting or managing self. (*Id.*) The ALJ found no limitations in the area of understanding, remembering, or applying information. (*Id.*)

At step three, the ALJ found that Hernandez's impairments do not meet or medically equal the severity of one of the listed impairments in the applicable Social Security regulations to render her presumptively disabled. (*Id.*) Before reaching step four of the analysis, the ALJ found Hernandez retains the RFC to perform sedentary work. (Tr. 53–55.) There was no discussion of mental impairments or imposition of mental limitations in the RFC.

At step four, the ALJ found that Hernandez is able to perform her past relevant work as an "insurance clerk" and is therefore not disabled. (Tr. 55.) The Appeals Council denied Hernandez's request for review on March 17, 2023, and on May 16, 2023, Hernandez filed the instant case, seeking review of the administrative determination. (Tr. 1–6.)

## IV. Analysis

Hernandez raises one point of error in this appeal—the ALJ erred in failing to either adopt the mild PRT findings into the RFC or explain why he was omitting these limitations. The Court agrees that the ALJ's failure to explain the reasons for his decision to omit any mental limitations from the RFC was reversible error. Accordingly, the Court will vacate the

Commissioner's decision finding Hernandez not disabled and remand for further proceedings consistent with this opinion.

  The ALJ found Hernandez to have mild mental limitations in three of the four functional areas of the PRT at step two of the sequential analysis and yet did not include any mental limitations in Hernandez's RFC.  (Tr. 52–55.)  In evaluating a claimant's RFC, the ALJ must consider the limiting effects of all impairments, even those that are not severe.  20 C.F.R. §§ 404.1545(e), 416.945(e); *see also* Assessing Residual Functional Capacity in Initial Claims, SSR 96–8p, 1996 WL 374184, at *5 (S.S.A. July 2, 1996).  This is because even non-severe limitations may combine with other severe impairments to prevent an individual from doing past relevant work or narrow the range of work that the individual can perform.  SSR 96-8p, 1996 WL 374184, at *5; *see also Fraga v. Bowen*, 810 F.2d 1296, 1305 (5th Cir. 1987) ("The well-settled rule in this Circuit is that in making a determination as to disability, the ALJ must analyze both the disabling effect of each of the claimant's ailments and the combined effects of all these impairments.") (internal quotation and citation omitted).  After concluding that Hernandez's mental limitations were non-severe and mild at step two, the ALJ did not include any further discussion of Hernandez's mental impairments or explain his reasons for not incorporating any mental limitations in his RFC.  Nowhere in the ALJ's opinion is there an explanation of why the mild PRT findings were omitted.

  This Court has repeatedly found error where the Commissioner wholly failed to explain the reasons for omitting any mental limitations in a claimant's RFC despite findings at step two that the claimant in fact has credible, though mild, mental limitations.  *See Aguilera v. Comm'r of Soc. Sec.*, 5:23-CV-00941-ESC (dkt. 18) (Aug. 27, 2024); *Deacon v. Kijakazi*, No. SA-23-CV-00317-ESC, 2023 WL 8856051 (W.D. Tex. Dec. 21, 2023); *Castillo v. Kijakazi*, 599 F. Supp. 3d

6

483 (W.D. Tex. 2022). In *Castillo*, the ALJ declined to include any mental limitations in the RFC because he concluded that the claimant's depressive disorder was not severe. 599 F. Supp. 3d at 489. But a finding of non-severity is not in itself a sufficient basis for a finding that a condition has no effect on a claimant's ability to work when evaluated in combination with other severe and non-severe impairments. Again, an ALJ must consider the limiting effects of all impairments, including those that are non-severe. SSR 96–8p, 1996 WL 374184, at *5. As explained by the *Castillo* court, an ALJ errs not in failing to "*include* mental limitations" in the RFC assessment, but in failing to "*consider* whether mental functional limitations were warranted." 599 F. Supp. 3d at 489 (emphasis in original). This Court reached the same conclusion in *Deacon* and *Aguilera*, cases in which the ALJs also assessed claimants with mild limitations in all four areas of the PRT yet failed to include any discussion of the claimant's mental impairments in assessing functional capacity or articulate the reasons for omitting any mental limitations in the RFC. *Aguilera*, 23-CV-00941-ESC (dkt. 18 at 7); *Deacon*, 2023 WL 8856051, at *5–6. In contrast, an ALJ does not commit legal error by declining to include mental limitations in a claimant's RFC, so long as the ALJ's opinion makes clear that he considered the limiting effects and restrictions of all impairments in the RFC analysis, even those that are non-severe. *See e.g.*, *Jakobs v. Comm'r of Soc. Sec.*, No. SA-22-CV-01349-OLG, 2023 WL 7138684, at *5 (W.D. Tex. Sept. 15, 2023), *report and recommendation adopted*, No. SA-22-CV-1349-OLG, 2023 WL 7132962 (W.D. Tex. Oct. 30, 2023) (finding no error in omitting mental limitations from the RFC when ALJ specifically referenced PRT findings and made clear he had considered the claimant's mild mental limitations in evaluating the RFC).

The Commissioner does not attempt to argue that the ALJ expressly considered the mental limitations that were found non-severe at step two in fashioning the RFC. Rather, the

Commissioner emphasizes various general principles of law that do not ultimately affect the outcome of this case or respond to Hernandez's specific argument. For example, the Commissioner argues that step two findings are not RFC determinations, and the ALJ is not required to incorporate PRT findings in the RFC. *See* SSR 96-8P, 1996 WL 374184, at *4 (explaining that limitations identified in the PRT are not an RFC assessment). The Court agrees with this statement, but again the ALJ's error is not in failing to include the mild limitations from the PRT in the RFC but rather failing to explain the reasons for not including those limitations in the RFC.

The Commissioner also argues that the ALJ implicitly explained his reasons for excluding mental limitations in the RFC by referencing the SAPC's findings on reconsideration as part of the ALJ's step two analysis. (Tr. 52.) The Court declines to adopt the reasoning underlying this argument. The ALJ's step two analysis involved a review of Hernandez's mental health records and a conclusion that she has mild limitations in three of the four functional areas of the PRT and therefore that her depression was non-severe. (*Id.*) At the end of this discussion, the ALJ states the following: "These findings are consistent with those of the [SAPC] who reviewed the claimant on reconsideration in December 2021." (*Id.*) Nowhere in this cursory reference to the SAPC's opinion on reconsideration does the ALJ mention the SAPC's decision not to include any mental limitations in the overall RFC. The ALJ's discussion is limited to the mild PRT findings and finding of non-severity at step two and the SAPC's finding of the same. The Court has reviewed the entirety of the ALJ's step two analysis and does not agree with the Commissioner that this discussion implicitly or expressly reflects the ALJ's consideration of Hernandez's mild mental limitations with respect to her ability to perform her past relevant

work. It remains that the ALJ did not address, evaluate, or explain the reasons for not including the non-severe mental impairments in the RFC. This was error, and it was not harmless.

An error is not harmless if it affected a claimant's substantial rights and the outcome of the proceedings. *See Taylor v. Astrue*, 706 F.3d 600, 603 (5th Cir. 2012); *see also Keel v. Saul*, 986 F.3d 551, 556 (5th Cir. 2021) ("Harmless error exists when it is inconceivable that a different administrative conclusion would have been reached even if the ALJ did not err."). Here, the ALJ found Hernandez was not disabled because she could perform her past relevant work as an insurance clerk, which is semi-skilled work with a high reasoning level. *See* Dictionary of Occupational Titles ("DOT") § 241.362-010 (describing work of claims clerk as involving reviewing insurance claims for completeness, contacting insured or other persons for missing information, calculating amount of claim, reviewing insurance policy to determine coverage, and advising supervisor if further investigation is indicated); *see also* Appendix C to DOT, 1991 WL 688702 (Jan. 1, 2016) (discussing reasoning levels). Any modification in the assessment of Hernandez's mental limitations could have altered the ALJ's conclusion that she could perform her past relevant work and could have resulted in a favorable disability determination. This is the same conclusion reached in *Castillo*, *Deacon*, and *Aguilera*. All three of those claimants were also assessed with the ability to perform past relevant work that was skilled or semi-skilled, and this Court also found the ALJ's error in failing to discuss or explain the credible non-severe mental limitations at step two was not harmless error. *See, e.g.*, *Castillo*, 599 F. Supp. 3d at 489 ("Given the skill level involved here, even the inclusion of mild mental functional limitations in Castillo's residual functional capacity could've precluded Castillo from performing her past relevant work.").

Moreover, the ALJ never presented the vocational expert with the mild mental limitations found at step two to ensure the vocational expert's testimony that Hernandez could perform her past relevant work was based on all limitations both severe and non-severe. (Tr. 84–89.) Accordingly, the ALJ's reliance on the vocational expert's testimony in finding Hernandez able to perform her past relevant work also cannot be construed as implicitly adopting a reasoned conclusion that Hernandez's mild mental limitations had no effect on her ability to perform her semi-skilled past relevant work as an insurance clerk.

## V. Conclusion

Based on the foregoing, the Court finds that the ALJ failed to adequately explain the reasons for not incorporating any mental limitations in Hernandez's RFC. Because this error could have affected the outcome of the proceedings,

**IT IS HEREBY ORDERED** that the Commissioner's decision finding that Deacon is not disabled is **VACATED** and this case **REMANDED** for further fact-finding consistent with this opinion.

SIGNED this 5th day of September, 2024.

ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE